**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| KATHRYN LIPP | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | NO. 3:08-CV-485 PPS |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION and ORDER**

This matter is before me on Defendant Norfolk Southern Railway Company's Motion to Strike the Untimely Supplemental Expert Report of Richard Lipsey. (DE 50.) During the August 3, 2010 scheduling hearing, I denied the motion. This opinion reduces that ruling to writing.

**Background**

The scheduling order in this case required expert reports to be submitted on or before September 1, 2009, and discovery was to close on April 15, 2010. Plaintiff submitted the initial expert report of Richard Lipsey, Ph.D. on August 19, 2009. Plaintiff informed Norfolk that Dr. Lipsey wanted to conduct a site inspection, and the parties took some time between January 2010 and mid-February 2010 to schedule the inspection. Norfolk and Dr. Lipsey conducted the site inspection on March 1, 2010, where Dr. Lipsey collected soil samples. Dr. Lipsey received the lab results from the soil samples he collected a few weeks later. Norfolk and Plaintiff had been in communication during this time, and Norfolk was aware that Dr. Lipsey was preparing another report based on the inspection.

On April 26, 2010, Plaintiff submitted a supplemental expert report of Dr. Lipsey, citing

the materials available to him prior to the March 1, 2010 inspection as well as the information he obtained from the March 1, 2010 inspection. (DE 55-2.) Norfolk then filed this motion, requesting that I strike the April 26, 2010 report, and that I prohibit Dr. Lipsey from testifying about that report at trial.

**Discussion**

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(D), a party shall supplement expert disclosures when required under Rule 26(e)(1). Fed. R. Civ. P. 26(e) requires a party to seasonably supplement its report if the initial disclosure is incorrect or incomplete. *Gicla v. United States*, 572 F.3d 407, 411 (7th Cir. 2009). And "if a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The district court has broad discretion to determine whether a violation of Rule 26(e) occurs, and takes into account (1) the prejudice or surprise suffered by the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). There hasn't been a violation of Rule 26(e) here, so the motion to strike is denied.

Norfolk argues that Dr. Lipsey's supplemental report should be stricken because it was submitted past the discovery deadlines without consent of counsel or leave of court, and because it included information available to Plaintiff before the close of discovery. Norfolk claims that the late report prejudices its ability to prepare a proper defense because of the delay and because

2

the supplemental report contains different opinions from the original report. (DE 56, at 3.) In particular, Norfolk argues that the April 26, 2010 report was much more specific than the earlier report; that the difference wasn't a result of new information, but a more detailed description of information Dr. Lipsey already had access to at the time he made the initial report. (DE 50-2, at 7; DE 56, at 5.) Further, Norfolk claims that the April 26, 2010 supplemental report is deficient because he did not include the data he relied on to support his opinion in the report, as required by Fed. R. Civ. P. 26(a)(2)(B). Norfolk also argues that it should be stricken pursuant to Rule 37(c) because there's no justification for the untimely report, and that it will be prejudiced by this report to respond to the information in the report, Norfolk will need to consult with its experts and possibly enter into another round of expert depositions and reports. (DE 56.)

First I'll address Norfolk's contention that the supplemental report contains new opinions. In comparing the original report with the supplemental report, there are certainly differences between the two. In the description of the named plaintiffs, Dr. Lipsey doesn't attribute the additional details to the information he obtained from the March 1, 2010 site inspection. (DE 55-2, at 3-4.) However, in his conclusion, Dr. Lipsey does cite to the site inspection and sampling as the source of his conclusions. (DE 55-2, at 7.) Thus, although Dr. Lipsey didn't thoroughly refer to the site inspection as the reason for the additional details in his supplemental report, the supplemental report isn't reliant only on information he already knew. Rather, the supplemental report completes his original report with the information obtained from the March 1, 2010 site inspection and sampling. This is appropriate content for a supplemental report. *See* Fed. R. Civ. P. 26(e)(1).

Next I'll deal with Plaintiff's delay in turning over the report. Plaintiff's justification for

3

the delay in filing the supplemental report is acceptable to me.  There have been several delays in discovery here.  One cause of the delay is that the parties had difficulty scheduling the site inspection, which is a reasonable justification for a delay.  Another delay is the time between the March 1, 2010 inspection and the April 26, 2010 report.  But Norfolk knew that Dr. Lipsey was preparing a supplemental report after the March 1, 2010 site inspection, which takes time to prepare.  And Plaintiff notes that Dr. Lipsey had to wait a few weeks after the site inspection to obtain the lab results.  These delays are reasonable, and Norfolk knew about them, so they are justified.

Finally, there are several reasons why Norfolk won't suffer prejudice sufficient to strike Dr. Lipsey's supplemental report.  For one, Norfolk has access to the information Dr. Lipsey relied upon for his supplemental report–the March 1, 2010 site visit–so it's equipped to counter his conclusions.  And this case doesn't have a trial date yet so Norfolk doesn't have to deal with a time crunch.  Further, Dr. Lipsey's deposition hasn't taken place yet; it's currently scheduled for August 31, 2010.  Norfolk therefore has plenty of time to counter the opinions in Dr. Lipsey's supplemental report at his deposition and by submitting supplemental reports of its own experts.

For the foregoing reasons, Norfolk's Motion to Strike is **DENIED.**  The discovery deadlines previously set are still in place, with the exception of the expert depositions and reports addressing Dr. Lipsey's April 26, 2010 supplemental report.  It's the responsibility of the parties to present any additional discovery disputes as motions to the court.  Norfolk must submit any supplemental expert reports responding to Dr. Lipsey's supplemental report by **October 29, 2010.**  The parties are directed to file any dispositive motions by **December 10, 2010**, any

response to be filed by **January 10, 2011**, and any replies to be filed by **January 25, 2011**. Given the prior delays, the parties are warned that the deadlines for the reports and dispositive motion briefing will not be extended.

    **SO ORDERED.**

    ENTERED: August 5, 2010

                                              s/ Philip P. Simon
                                              PHILIP P. SIMON, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT